UNIVERSAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DUQUESNE SALES CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28419, 36276. Promulgated November 22, 1929.

*S. Leo Ruslander, Esq.*, for the petitioners.
*Harry LeRoy Jones, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The stipulation of facts in this case is far from clear but from a careful study thereof and from the letter from the Universal Corporation to the purchaser of the stock we come to the following conclusions.

The sale by petitioner, Universal Corporation, of the capital stock of West Penn Body Co. terminated the affiliation between those companies and gave rise to a gain of $13,345.04 to petitioner. *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 69 A. This sale took place February 19, 1923, when the offer was accepted. The retroactive collateral agreement indicated in paragraph 12 of the stipulated facts that " as between the parties for the purposes of adjustment " the sale should " be considered as if made on December 31, 1922 and that the new owners of the stock should account for any profits from January 1, 1923 in the tax return it would file," did not alter the fact that the actual sale took place February 19, 1923, nor does it control the date of the accrual of the tax liability of the parent corporation from the profit on the sale of the. stock of the subsidiary. Obviously, the operating profits which might accrue were to be the subject matter of the adjustments and accounting by the new owners. The profit on the sale of the stock accrued to the petitioner, Universal Corporation, the old owner, and should be accounted for by it.

The sale which resulted in a profit of $13,345.04 to the Universal Corporation having taken place in February, 1923, the tax liability

to account for the same arose at that time. The correct amount of the profit is as indicated above.

Under the facts we deem it unnecessary to discuss the legal effect of the filing by petitioner of a consolidated return for 1922 from which it omitted the West Penn Body Co. and the subsequent action of respondent relative thereto. In connection with this question, however, it may be pointed out that the facts stated in paragraph 16 of the stipulated facts as to respondent's action are difficult of reconciliation with the fact of the finding by him of the deficiency for 1923.

Reviewed by the Board.

*Decision will be entered under Rule 50.*